MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
WILLIAM A. GONZALES, ESQ.
Nevada Bar No. 015230
**SALTZMAN MUGAN DUSHOFF**
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 405-8500
Facsimile: (702) 405-8501
E-Mail: mdushoff@nvbusinesslaw.com
wgonzales@nvbusinesslaw.com

*Attorneys for Defendants and Nominal Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DOREEN R. LAMPERT, Derivatively on Behalf of CELSIUS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN FIELDLY, NICHOLAS CASTALDO, CAROLINE LEVY, HAL KRAVITZ, ALEXANDRE RUBERTI, CHERYL S. MILLER, DAMON DESANTIS, JOYCE RUSSELL, AND JAMES NEGRON, <br><br> Defendants, <br><br> and <br><br> CELSIUS HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 3:23-cv-00017-ART-CSD <br><br> **JOINT STIPULATION REGARDING STAY OF LITIGATION** |

**WHEREAS**, Plaintiff Doreen R. Lampert commenced this action (the "Derivative Litigation") on January 11, 2023, upon the filing of a Verified Stockholder Derivative Complaint (the "Complaint") asserting claims for breach of fiduciary duty against the Defendants John Fieldly, Nicholas Castaldo, Caroline Levy, Hal Kravitz, Alexandre Ruberti, Cheryl S. Miller, Damon DeSantis, and Joyce Russell (the "Director Defendants"); a claim for insider selling and misappropriation of information against Defendant John Fieldly; claims for unjust enrichment against the Director Defendants; and claims for securities fraud under Section 10(b) of the

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against the Director Defendants;

**WHEREAS**, on January 19, 2023, Plaintiff effectuated the service of the Summons and the Complaint on Nominal Defendant Celsius Holdings, Inc. ("Celsius");

**WHEREAS**, on January 20, 2023, Plaintiff, through her counsel, sent Waivers of the Service of Summons (the "Waivers of Service") to the Director Defendants and Defendant Edwin Negron-Carballo (with the Director Defendants, the "Individual Defendants"), and the Individual Defendants executed and returned to Plaintiff's counsel the Waivers of Service;

**WHEREAS**, on March 21, 2023, this Court so-ordered the parties' Joint Stipulation Regarding Extension of Defendants and Nominal Defendant's Time to Respond to Plaintiff's Complaint, which extended the deadline for Defendants and Nominal Defendant to file a responsive pleading to April 20, 2023 (ECF No. 21);

**WHEREAS**, the Derivative Litigation alleges facts and asserts claims that are also at issue in a previously filed putative securities class action, pending in the United States District Court for the Southern District of Florida and styled *City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan v. Celsius Holdings, Inc.*, *et al.*, Case No. 22-80418-CV-DMM (S.D. Fla.) (the "Securities Litigation");

**WHEREAS**, on March 22, 2023, the Court in the Securities Litigation granted in part and denied in part a motion to dismiss the claims asserted in the Securities Litigation and the action will soon enter the discovery phase; and

**WHEREAS**, the parties believe a stay of the Derivative Litigation will promote the efficient and orderly administration of justice, including by avoiding, to the extent practicable, duplicative discovery.

**NOW, THEREFORE**, the parties hereby stipulate and agree, and respectfully request that the Court enter an order, as follows:

1. In light of the overlap between the Derivative Litigation and the Securities Litigation, and in order to ensure economy of time and effort for the Court, for counsel, and for the parties, and to avoid duplicative discovery, Plaintiff and Defendants agree to a voluntary stay

of the Derivative Litigation until 30 days after the earlier of the following events: (i) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (ii) the close of discovery in the Securities Litigation.

2. Within thirty (30) days after the occurrence of the earlier of the two events listed in Paragraph 1, the parties shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.

3. Defendants shall promptly notify Plaintiff in the event any other derivative actions are filed asserting claims based on the same operative facts as those alleged in the Complaint and are not stayed (i) within thirty (30) days of the filing of the operative complaint and (ii) for the same or a longer duration as the stay of the Derivative Litigation.

4. Notwithstanding the voluntary stay of the Derivative Litigation, Plaintiff may amend the Complaint during the pendency of the stay without leave of this Court. Defendants shall not be required to move against, answer, or otherwise respond to the Complaint or any amended complaint during the pendency of the stay.

5. This stay shall not prohibit the filing of any motions, stipulations, or other related filings pertaining to consolidation of related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s).

6. The parties agree that during the pendency of this stay, Defendants shall provide reasonable notice to Plaintiff upon scheduling mediation with the plaintiff in the Securities Litigation. The parties further agree that Defendants shall provide reasonable notice to Plaintiff upon scheduling mediation with any other derivative plaintiffs who have asserted claims concerning the same operative facts as those alleged in the Complaint and shall invite Plaintiff to the mediation with such derivative plaintiffs.

7. Subject to applicable federal or local rules, any party shall have the right to move this Court to lift the stay of the Derivation Litigation so long as such party provides at least thirty (30) days' written notice to the other parties prior to filing such a motion. If this Court grants a motion to lift the stay, the parties shall meet and confer regarding a scheduling stipulation as set

forth in Paragraph 2 above, and Defendants shall not be obligated to respond to any complaints filed in the Derivative Litigation until the date agreed to by the parties and/or ordered by the Court.

8. Defendants reserve all of their defenses to the claims asserted by Plaintiff, and the stay shall not be, and shall not be deemed, a waiver of any of Defendants' defenses, including, among others, jurisdictional and/or venue challenges and the failure of Plaintiff to make a pre-suit demand on Celsius's Board of Directors.

DATED this 6th day of April, 2023.

Respectfully submitted:

| MATTHEW L. SHARP, LTD. | SALTZMAN MUGAN DUSHOFF |
|---|---|
| By  */s/ Matthew L. Sharp*<br>MATTHEW L. SHARP, ESQ.<br>Nevada Bar No. 4746<br>432 Ridge St.<br>Reno, NV 89501<br><br>Attorney for Plaintiff<br>DOREEN LAMPERT | By  */s/ William A. Gonzales*<br>MATTHEW T. DUSHOFF, ESQ.<br>Nevada Bar No. 004975<br>WILLIAM A. GONZALES, ESQ.<br>Nevada Bar No. 015230<br>1835 Village Center Circle<br>Las Vegas, Nevada 89134<br><br>*Attorneys for Defendants and Nominal Defendant* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

*Doreen R. Lampert, etc. v. John Fieldly, et al.*/Case No. 3:23-cv-00017-ART-CSD
Joint Stipulation Regarding Stay of Litigation

Page 4 of 4