IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOREEN R. LAMPERT, Derivatively on Behalf of CELSIUS HOLDINGS, INC., <br><br>Plaintiff, <br><br>v. <br><br>JOHN FIELDLY, NICHOLAS CASTALDO, CAROLINE LEVY, HAL KRAVITZ, ALEXANDRE RUBERTI, CHERYL S. MILLER, DAMON DESANTIS, JOYCE RUSSELL, AND JAMES NEGRON, <br><br>Defendants, <br><br>and <br><br>CELSIUS HOLDINGS, INC., <br><br>Nominal Defendant. | Case No. 3:23-cv-00017-ART-CSD <br><br>**ORDER GRANTING** <br><br>**JOINT STIPULATION TO EXTEND STAY OF LITIGATION** <br><br>**(Fourth Request)** |

**WHEREAS**, Plaintiff Doreen R. Lampert ("Plaintiff") commenced this action (the "Derivative Litigation") on January 11, 2023, upon the filing of a Verified Stockholder Derivative Complaint (the "Complaint") asserting claims for breach of fiduciary duty on behalf of Nominal Defendant Celsius Holdings, Inc. ("Celsius") and against Defendants John Fieldly, Nicholas Castaldo, Caroline Levy, Hal Kravitz, Alexandre Ruberti, Cheryl S. Miller, Damon DeSantis, and Joyce Russell (the "Director Defendants"); a claim for insider selling and misappropriation of information against Defendant John Fieldly; claims for

unjust enrichment against the Director Defendants; and claims for securities fraud under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against the Director Defendants (collectively, with Celsius, "Defendants" and, with Plaintiff, the "Parties") (ECF No. 1);

**WHEREAS**, the Derivative Litigation alleges facts and asserts claims that were also at issue in a previously filed putative securities class action, pending in the United States District Court for the Southern District of Florida and styled *City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan v. Celsius Holdings, Inc., et al.*, Case No. 22-80418-CV-DMM (S.D. Fla.) (the "Securities Litigation");

**WHEREAS**, on February 1, 2024, the District Court approved the settlement of the Securities Litigation and dismissed the action with prejudice;

**WHEREAS**, the Complaint alleges facts and asserts claims that are also at issue in two other pending derivative actions, filed subsequent to the commencement of the Derivative Litigation, styled, respectively, *Nicholas R. Ingrao v. John Fieldly, et al.*, Case No. A-23-873736-C Dept. 6 (Clark Cty., Nev.) and *Jennifer Hammond and Dana Hepworth v. John Fieldly, et al.*, Case No. 2:24-cv-00711 (D. Nev.) (collectively, the "Derivative Actions");

**WHEREAS**, on May 3, 2024, this Court so-ordered the Parties' Joint Stipulation to Extend Stay of Litigation, which stayed the Derivative Litigation for sixty (60) days, until July 2, 2024, (ECF No. 32), so that the Parties could continue their negotiation of a possible settlement of the Derivative Litigation and, more broadly, the Derivative Actions;

**WHEREAS**, the Order Granting the Joint Stipulation To Extend Stay of Litigation directed, "[i]f the negotiations are not yet concluded, but are progressing, the Parties shall submit to the Court an update on the status of the case no later than July 2, 2024" (*id.*);

**WHEREAS**, the Parties continue to make good progress towards settlement and remain engaged in discussions regarding potential resolution of the Derivative Actions; and

//

**WHEREAS**, the Parties believe a stay of the Derivative Litigation will promote the efficient and orderly administration of justice, including by avoiding, to the extent practicable, duplicative discovery and allowing the Parties additional time to continue negotiations regarding the potential settlement of the Derivative Actions.

**NOW, THEREFORE**, the Parties hereby stipulate and agree, and respectfully request that the Court enter an order, as follows:

1. To ensure economy of time and effort for the Court, for counsel, and for the Parties, and to avoid duplicative discovery, Plaintiff and Defendants agree to continue the stay of the Derivative Litigation for sixty (60) days, until September 2, 2024, to allow the Parties time to continue settlement negotiations.

2. If the stipulation is so-ordered, the Parties will promptly notify the Court if settlement of the Derivative Actions is reached or if the Parties determine that a settlement cannot be reached during the stay.

3. If the Parties determine that they cannot reach a settlement, the Parties shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.

4. If the negotiations are not yet concluded, but are progressing, the Parties shall submit to the Court an update on the status of the case no later than September 2, 2024.

5. Notwithstanding the voluntary stay of the Derivative Litigation, Plaintiff may amend the Complaint during the pendency of the stay without leave of this Court. Defendants shall not be required to move against, answer, or otherwise respond to the Complaint or any amended complaint during the pendency of the stay.

6. This stay shall not prohibit the filing of any motions, stipulations, or other related filings pertaining to consolidation of related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s).

7. The Parties agree that during the pendency of this stay, Defendants shall provide reasonable notice to Plaintiff upon scheduling mediation with any other derivative

plaintiffs who have asserted claims concerning the same operative facts as those alleged in the Complaint and shall invite Plaintiff to the mediation with such derivative plaintiffs.

8. Subject to applicable federal or local rules, any Party shall have the right to move this Court to lift the stay of the Derivation Litigation so long as such Party provides at least thirty (30) days' written notice to the other Parties prior to filing such a motion. If this Court grants a motion to lift the stay, the Parties shall meet and confer regarding a scheduling stipulation as set forth in Paragraph 3 above, and Defendants shall not be obligated to respond to any complaints filed in the Derivative Litigation until the date agreed to by the Parties and/or ordered by the Court.

9. Defendants reserve all their defenses to the claims asserted by Plaintiff, and the continuation of the stay shall not be, and shall not be deemed, a waiver of any of Defendants' defenses, including, among others, jurisdictional and/or venue challenges and the failure of Plaintiff to make a pre-suit demand on Celsius's Board of Directors.

*(Signatures on following page)*

//

//

//

DATED this 2nd day of July, 2024.

Respectfully submitted:

| MATTHEW L. SHARP, LTD. | SALTZMAN MUGAN DUSHOFF |
|---|---|
| By */s/ Matthew L. Sharp*<br>MATTHEW L. SHARP, ESQ.<br>Nevada Bar No. 4746<br>432 Ridge St.<br>Reno, NV 89501<br><br>Attorney for Plaintiff Doreen Lampert | By */s/ Matthew T. Dushoff*<br>MATTHEW T. DUSHOFF, ESQ.<br>Nevada Bar No. 004975<br>1835 Village Center Circle<br>Las Vegas, Nevada 89134<br><br>**BLUT LAW GROUP PC**<br>ELLIOT S. BLUT, ESQ.<br>Nevada Bar No. 006570<br>ZAHAVA M. LIEBERMAN, ESQ.<br>Nevada Bar No. 015953<br>300 S 4th Street, #701<br>Las Vegas, NV 89101<br><br>**ALSTON & BIRD**<br>JOSEPH G. TULLY, ESQ.<br>(*Admitted Pro Hac Vice*)<br>90 Park Avenue<br>New York, NY 10016<br>JASON R. OUTLAW, ESQ.<br>(*Admitted Pro Hac Vice*)<br>OYINKANSOLA Y. MURAINA, ESQ.<br>(*Admitted Pro Hac Vice*)<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 4900<br>Atlanta, GA 30309<br><br>Counsel for *Defendants and Nominal Defendant* |

**ORDER**

IT IS SO ORDERED.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

DATED: July 9, 2024

---

*Doreen R. Lampert, etc. v. John Fieldly, et al.*/Case No. 3:23-cv-00017-ART-CSD
Joint Stipulation to Extend Stay of Litigation